MOBILE TOWING & WRECKING CO. v. CHENEY et al. (Circuit Court of Appeals, Fifth Circuit. March 28, 1911.) No. 2,083. Appeal from the District Court of the United States for the Southern District of Alabama. H. Pillans, for appellant. R. Percy Roach, for appellees. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. We concur with the judge of the District Court in holding that from the evidence in the case the towboat was in fault, therefore liable in damages. The decree of the District Court as to the amount of damages is not disputed, and the same is therefore affirmed.

---

ROYAL UNION MUT. LIFE INS. CO. v. WYNN et al. (Circuit Court of Appeals, Fifth Circuit. March 28, 1911.) No. 2,094. Appeal from Circuit Court of the United States for the Northern District of Georgia. Henry R. Goetchius, for appellant. William A. Wimbish and Edgar Watkins, for appellees. Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. As we find no reversible error in this record, the judgment of the Circuit Court (177 Fed. 289) is affirmed.

---

THE VARGIN. (Circuit Court of Appeals, Second Circuit. March 13, 1911.) No. 200. Appeal from the District Court of the United States for the Southern District of New York. This cause comes here upon appeal to review a decree awarding the libelant, as master of the German steamship Erika, $45,000 as salvage and $3,333.21 for expenses, with interest and costs. Burlingham, Montgomery & Beecher (Charles C. Burlingham, of counsel), for appellant. Wheeler, Cortis & Haight (C. S. Haight, of counsel), for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. In our opinion, interest should not be added to the amount awarded by the court's decision, intermediate the filing of the opinion and the entry of the decree, unless the delay in entering decree is attributable in some way to claimant, which does not appear to be the case here. Judge Hand's opinion (180 Fed. 892) sets forth the facts with great fullness, and as appellant concedes with accuracy. Since we are satisfied with his reasoning and concur in his conclusion, further discussion seems unnecessary. With the modification above suggested, the decree is affirmed, without costs of this appeal.